UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Freese *fka* Burak L Uzunoglu, Plaintiff, vs. Experian Information Solutions, Inc., Defendant. | Case 0:20-cv-02289-WMW-TNL **AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

PLAINTIFF, as and for his cause of action (i.e., violation of the Fair Credit Reporting Act) against the above-named defendant, states and alleges as follows:

### Introduction

1.  The following case alleges violations of the federal Fair Credit Reporting Act. Nearly a decade ago, Plaintiff Brock Freese allegedly defaulted on an automobile loan with Nevada State Bank ZB, N.A. based in Las Vegas. Many years later, Nevada State Bank placed the deficiency balance on the loan with a third-party collection agency in order to collect amounts it contended were due and owing. Despite the fact that any credit reporting and litigation on the account would have been time-barred, the debt was placed on Plaintiff's credit report with Defendant. Even after he disputed the placement of this

1

obsolete information, Defendant confirmed the information as accurate. Consequently, Plaintiff brings this lawsuit.

### Statement of Jurisdiction

2. This Court has Jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and the Fair Credit Reporting Act, 15 U.S.C. §§1681n & o.

### Venue

3. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

### Parties

4. Plaintiff Brock Freese is an adult resident of Washington County, Minnesota.

5. Defendant Experian Information Solutions, Inc., ("Experian") is a foreign corporation registered to conduct business in the state of Minnesota.

### Facts

6. Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 15 U.S.C. §1692a(3).

7. Over ten years ago, Plaintiff allegedly obtained an automobile loan ("the Account") through Nevada State Bank ZB, N.A. ("Nevada State Bank").

8. Upon information and belief, the Account allegedly became delinquent and Nevada State Bank charged off the Account on or about February 17, 2011.

9. For over seven (7) years, neither Plaintiff nor anyone else made payment on the Account.

10. During this time, Plaintiff continued to own the vehicle ("the Vehicle") that was the subject of the Account.

11. In late 2018, Plaintiff decided that he no longer had use for the Vehicle and wanted to either donate it to a charity or give it away.

12. To that end, Plaintiff contacted Nevada State Bank to see what he needed to do in order to get Nevada State Bank's lien released from the Vehicle's title.

13. A representative at Nevada State Bank informed Plaintiff that in order to release the lien, he would need to provide payment to Nevada State Bank.

14. On or about January 7, 2019, Plaintiff mailed a certified check to Nevada State Bank in the amount of $413.10 in order to obtain the lien release.

15. In the erroneous belief that the statute of limitations on the debt had been revived, Nevada State Bank sold, assigned, or otherwise placed the Account with Knight Adjustment Bureau ("KAB) for the purposes of collections.

16. Shortly thereafter, Plaintiff noticed that KAB had reported the Account to Experian.

17. On or about March 25, 2019, Plaintiff disputed the Account with the Experian by writing it a letter informing it that the information provided by KAB was obsolete.

18. On or about April 2019, Experian responded to Plaintiff's dispute by confirming the aforementioned false information furnished by Plaintiff.

19. Upon information and belief, Defendant Experian failed to conduct a reasonable reinvestigation of Plaintiff's information pursuant to 15 U.S.C. §1681i.

20. As a result of Defendants' conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation.

## Specific Claims

Count I– Negligent Violations of the Fair Credit Reporting Act 15 U.S.C. §1681 Et Seq.

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The foregoing acts and omissions of Defendant constitute negligent violations of the FCRA, including, but not limited to, 15 U.S.C. § 1681i.

Count II– Knowing and/ or Willful Violations of the Fair Credit Reporting Act 15 U.S.C. §1681 Et Seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendant constitute knowing and willful violations of the FCRA, including, but not limited to, 15 U.S.C. § 1681i.

## Jury Demand

25. Plaintiff hereby demands a trial by jury.

## Prayer for Relief

26. WHEREFORE, Plaintiff, by and through his attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendants as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages;

    c.    Punitive damages;

    d.    Reasonable attorney's fees, litigation expenses, and cost of suit; and

e. Any other relief deemed appropriate by this Honorable Court.

Dated: December 1, 2020        Respectfully Submitted,

PETERSON LEGAL, PLLC

<u>/s/ Ryan D. Peterson</u>
Ryan D. Peterson (#0389607)
5201 Eden Avenue, Suite 300
Edina, MN 55436
(612) 367-6568
ryan@peterson.legal

ATTORNEY FOR PLAINTIFF

5